[Cite as *State v. Thompkins*, 2014-Ohio-1865.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :          C.A. CASE NO.    25955

v.                                     :          T.C. NO.    13CR2397

ISAIAH THOMPKINS, III                  :            (Criminal appeal from
                                           Common Pleas Court)

    Defendant-Appellant             :

                                                  :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____2nd____ day of _____May_____, 2014.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Blvd., Springboro, Ohio 45066
      Attorney for Defendant-Appellant

ISAIAH THOMPKINS, III, #A689-769, London Correctional Institute, P. O. Box 69, London, Ohio 43140
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Appointed counsel for defendant-appellant Isaiah Thompkins, III, submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 2} Thompkins was originally charged with one count of kidnapping, in violation R.C. 2905.01(B)(2) (restrain), a felony of the first degree, and one count of domestic violence, in violation of R.C 2919.25(A), a misdemeanor of the first degree. Thompkins entered into a plea agreement with the State, thereby agreeing to plead guilty to one count of kidnapping in exchange for dismissal of the remaining count. Thompkins subsequently pled guilty to one count of kidnapping, in violation R.C. 2905.01(B)(2), a felony of the first degree on September 24, 2013.

{¶ 3} The plea transcript reflects the prosecutor's reading of the indictment (which tracks the statute) and Thompkins' acknowledgment of his understanding of the kidnapping charge. Prior to pleading guilty to kidnapping, the trial court conducted a thorough Crim. R. 11 dialogue with Thompkins, and his plea was entered in a knowing and voluntary fashion. There was no agreement regarding sentencing, and the record is devoid of any evidence that the State made any sentencing recommendation. We note that the trial court ordered that a PSI be completed on Thompkins prior to sentencing. On October 15, 2013, the trial court sentenced Thompkins to the minimum sentence of three years in prison with credit for time served, as well as five years of post-release control.

{¶ 4} Thompkins filed a timely notice of appeal with this Court on October 21, 2013. On February 3, 2014, appointed counsel representing Thompkins submitted an

*Anders* brief, alleging that no arguably meritorious issues exist for appeal. By magistrate's order of February 5, 2014, we informed Thompkins that his counsel filed an *Anders* brief and informed him of the significance of an *Anders* brief. We invited Thompkins to file a pro se brief assigning any error for our review within sixty days of February 5, 2014. Thompkins has not filed anything with this Court.

{¶ 5} Although Thompkins' appointed appellate counsel represented that there were no arguably meritorious issues to present on appeal, he did identify three potential assignments of error. The first potential assignment of error identified is "whether the trial court complied with the requirements of Criminal Rule 11 in accepting the appellant's guilty plea." As previously stated, a review of the record indicates that the trial court scrupulously conducted a comprehensive plea colloquy with Thompkins. Therefore, we conclude that Thompkins' guilty plea was knowing, voluntary and intelligent. The first potential assignment of error has no arguable merit.

{¶ 6} The next potential assignment of error raised by appointed counsel was "whether the sentence imposed by the trial court was contrary to law or constituted an abuse of discretion." Pursuant to R.C. 2905.01(B)(2), kidnapping is a felony of the first degree. Pursuant to R.C. 2929.14, the prison term is between three and eleven years. At three years, Thompkins' sentence is the minimum and clearly within the statutory range. Additionally, the record does not support a claim that Thompkins' sentence was an abuse of discretion. Accordingly, the second potential assignment of error is without arguable merit.

{¶ 7} The third potential assignment of error advanced by appointed counsel is "whether appellant was denied his constitutionally guaranteed right to effective assistance of

counsel." A review of the record indicates no deficient performance by Thompkins' counsel. In fact, when asked directly about counsel by the trial court, Thompkins indicated that he was "satisfied with his representation." We also note that counsel was instrumental in persuading the State to dismiss the domestic violence charge and in convincing the trial court to impose the minimum sentence. Therefore, the third potential assignment of error lacks arguable merit.

{¶ 8} In the performance of our duty, under *Anders v. California,* to conduct an independent review of the record, we have found no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Marshall G. Lachman
Isaiah Thompkins, III
Hon. Mary Katherine Huffman